1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 MIGUEL C. CASTANEDA,        )   Civil No. 14cv01949 GPC (RBB)
                             )

12          Petitioner,   )   **REPORT AND RECOMMENDATION**
                             )   **DENYING PETITION FOR WRIT OF**

13 v.                      )   **HABEAS CORPUS AND ORDER**
                             )   **DENYING REQUEST FOR**

14 W.L. MONTGOMERY, Warden, et  )   **EVIDENTIARY HEARING**
al.,                     )   **[ECF NO. 1]**

15                              )
          Respondents.  )

16 _____)

17     Petitioner Miguel C. Castaneda, a state petitioner proceeding

18 pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28

19 U.S.C. § 2254 on August 20, 2014 [ECF No. 1].  There, Castaneda

20 alleges that the trial court abused its discretion by revoking his

21 probation.  (Pet. 6, ECF No. 1.)[1]  Second, Petitioner contends that

22 the trial court improperly increased his restitution fines after

23 his probation was revoked.  (Id. at 7.)

24     The Respondent, W.L. Montgomery, filed an Answer and Notice of

25 Lodgment on February 3, 2015 [ECF Nos. 9, 10].  Castaneda filed a

26 "Tr[a]verse" (hereinafter, the "Traverse") on April 6, 2015 [ECF

27 _____

28     [1]  The Court will cite to all documents using the page numbers
assigned by the electronic case filing system.

No. 13].   In the Traverse, Petitioner argues for the first time that his due process rights were violated when his probation was revoked.  (Traverse 9-11, ECF No. 13.)  For the reasons discussed below, the Petition [ECF No. 1] should be **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In March of 2010, Petitioner took a homeless man's fishing pole and struck him with it.  (Lodgment No. 6, <u>People v. Castaneda</u>, No. D062947, slip op. at 2 (Cal. Ct. App. Oct. 3, 2013).)  A witness criticized Castaneda for doing so; Petitioner then beat the witness in the face with a pipe.  (<u>Id.</u>)  Castaneda was subsequently charged with assault with a deadly weapon, dissuading a witness by force or threat, and making a criminal threat.  (<u>Id.</u>)  Petitioner pleaded guilty to assault with a deadly weapon in May of 2011.  (<u>Id.</u> at 3.)  The remaining counts were dismissed.  (<u>Id.</u>)

Castaneda was placed on probation in June of 2011 on condition that he (1) serve 365 days in jail, (2) get "treatment and therapy," and (3) stop using drugs and alcohol.  (<u>Id.</u>)  Petitioner was later alleged to have violated his probation, and on October 10, 2012, an evidentiary hearing was held.  (<u>Id.</u>)  Castaneda's probation officer testified at the hearing that Petitioner had tested positive for methamphetamine and failed to comply with other conditions of his probation.  (<u>Id.</u>)

At the hearing, Petitioner requested that he be placed in a residential treatment program to help address his substance abuse issues.  (<u>Id.</u> at 4.)  Instead, the court revoked his probation and sentenced him to twelve years in prison.  (<u>Id.</u> at 1.)  The superior court also imposed fines of $2,400 each for restitution and probation revocation.  (<u>Id.</u> at 1-2.)  The fines were in

1   addition to two fines of $200 each that had previously been imposed

2   for the same purposes in June of 2011.  (Id. at 2.)

3        Castaneda appealed the sentence, requesting that the

4   California Court of Appeal remand the case because "the failure to

5   reinstate probation after the revocation, under the circumstances

6   existing at the time the final order was made, was an abuse of

7   discretion."  (Lodgment No. 1, Appellant's Opening Brief at 12,

8   People v. Castaneda, No. D062947 (Cal. Ct. App. Oct. 3, 2013).)[2]

9   Petitioner also requested that the court of appeal modify the fine

10  amount owed.  (Id. at 15-16.)

11       On October 3, 2013, the California Court of Appeal struck the

12  increased fines but affirmed the remainder of the superior court's

13  judgment.  (See Lodgment No. 6, People v. Castaneda, No. D062947,

14  slip op. at 6.)

15       The court, id. at 5, explained:

16       Castaneda has not made a showing the court abused its
         discretion in declining to reinstate him on probation.
17       It was not irrational for the court to withdraw its grant
         of clemency in light of Castaneda's repeated failure to
18       comply with several probation requirements.  On this
         record, the court reasonably found Castaneda's latest
19       pledge to comply with the probation terms unavailing.

20

21       Castaneda filed a petition for review in the California

22  Supreme Court, which was denied on December 18, 2013, without

23  citation or comment.  (Lodgment No. 8, Petition for Review, People

24  v. Castaneda, No. S214550 (Cal. Dec. 18, 2013); Lodgment No. 7,

25  People v. Castaneda, No. S214550, order at 1 (Cal. Dec. 18, 2013).)

26

27  _____

28       [2]  Because Lodgment No. 1 is not consecutively paginated, the
     Court has paginated the document and will cite to it using the
     assigned page numbers.

3                                           14cv01949 GPC(RBB)

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, applies to all federal habeas petitions filed after April 24, 1996.  Woodford v. Garceau, 538 U.S. 202, 204 (2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  AEDPA sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991).  Because Castaneda's Petition was filed on August 20, 2014, AEDPA applies to this case.  See Woodford, 538 U.S. at 204.

Section 2254(d) reads as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

To present a cognizable federal habeas corpus claim, a state prisoner must allege his conviction was obtained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.A. § 2254(a).  A petitioner must allege the state court

4

violated his federal constitutional rights.  <u>Hernandez</u>, 930 F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885 (9th Cir. 1990); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law.  <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>see also</u> <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); <u>Jackson</u>, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law).  Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal habeas courts are not concerned with errors of state law "unless they rise to the level of a constitutional violation").

The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Id.</u> at 71.  In other words, a federal court is not required to review the state court decision de novo.  <u>Id.</u>  Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1).  <u>Id.</u>

The "novelty in . . . § 2254(d)(1) is . . . the reference to 'Federal law, <u>as determined by the Supreme Court of the United States</u>.'"  <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en

1  banc), <u>rev'd on other grounds</u>, 521 U.S. 320 (1997).  Section

2  2254(d)(1) "explicitly identifies only the Supreme Court as the

3  font of 'clearly established' rules."  <u>Id.</u>  "A state court decision

4  may not be overturned on habeas review, for example, because of a

5  conflict with Ninth Circuit-based law . . . ."  <u>Moore v. Calderon</u>,

6  108 F.3d 261, 264 (9th Cir. 1997).  "[A] writ may issue only when

7  the state court decision is 'contrary to, or involved an

8  unreasonable application of,' an authoritative decision of the

9  Supreme Court."  <u>Id.</u> (citing <u>Childress v. Johnson</u>, 103 F.3d 1221,

10 1224-26 (5th Cir. 1997); <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th

11 Cir. 1996)).

12      Furthermore, with respect to the factual findings of the trial

13 court, AEDPA provides:

14          In a proceeding instituted by an application for a
           writ of habeas corpus by a person in custody pursuant to
15         the judgment of a State court, a determination of a
           factual issue made by a State court shall be presumed to
16         be correct.  The applicant shall have the burden of
           rebutting the presumption of correctness by clear and
17         convincing evidence.

18 28 U.S.C.A. § 2254(e)(1).

19                         **III.  DISCUSSION**

20 **A.    Claim One:  Improper Revocation of Probation**

21      In his Petition, Castaneda alleges that the superior court

22 abused its discretion when it revoked his probation and sentenced

23 him to prison.  (<u>See</u> Pet. 6, ECF No. 1.)  At the October 31, 2012

24 evidentiary hearing, Petitioner argued that because he was seeking

25 help for his substance abuse issues, he should remain on probation

26 and be placed in a drug treatment program.  (<u>Id.</u>)  Castaneda

27 explained to the judge that he had contacted several drug treatment

28 facilities and had been accepted into the House of Metamorphosis.

                                 6

1    (Id.)  Petitioner contends that the denial of his request for

2    probation should be reviewed for abuse of discretion.  (Id.)

3         In the Answer, Warden Montgomery asserts that because

4    Castaneda challenges the application of state law, federal habeas

5    relief is not available.  (Answer Attach. #1 Mem. P. & A. 7-8, ECF

6    No. 9 (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).)

7    Even if this Court could examine this state law issue, Respondent

8    maintains that this Court should find that the superior court acted

9    within its discretion by revoking probation because Petitioner had

10   a long criminal history.  (Id. at 10-12.)

11        Montgomery insists that prior to May 2011, when Castaneda

12   pleaded guilty to assault with a deadly weapon, he had a history of

13   criminal conduct that included convictions for having sex with a

14   minor three years younger, illegal drug use, and violating gang

15   injunction orders.  (Id. at 10.)  "Before this current case,

16   Castaneda had violated probation nine times and parole six times."

17   (Id.)  While on probation, he tested positive for drugs on several

18   occasions and was arrested for driving under the influence.  (Id.

19   at 10-11.)  In light of his criminal history, Montgomery argues

20   that the court did not abuse its discretion in revoking

21   Petitioner's probation.  (Id. at 11-12.)

22        Although Castaneda does not allege a due process claim  in his

23   Petition, (see Pet. 1-10, ECF No. 1), Montgomery submits in the

24   Answer that misapplication of state sentencing law may violate

25   federal due process if the sentence is arbitrary and capricious.

26   (Answer Attach. #1 Mem. P. & A. 7-8, ECF No. 9 (citing Richmond v.

27   Lewis, 506 U.S. 40, 50 (1992)).)  For the reasons explained above,

28

7

1    Respondent insists that the sentence was reasonable and did not

2    violate Petitioner's right to due process. (Id. at 12.)

3        Montgomery concedes that under some circumstances,

4    misapplication of state sentencing law may violate due process if

5    the law creates a liberty interest. (Id. at 8 (citing Hewitt v.

6    Helms, 459 U.S. 460 (1983)).) Respondent argues that when a

7    liberty interest is created by a state statute, federal courts are

8    limited to determining whether the state court followed procedures

9    relating to notice and a probationer's right to a hearing. (Id. at

10   9.) Montgomery asserts that Petitioner was not deprived of either.

11   (Id. at 9-10.)

12       In the Traverse, Castaneda argues for the first time that his

13   due process rights were violated when the trial court revoked his

14   probation under California Penal Code section 1203.2. (Traverse 9-

15   11, ECF No. 13.) Further, Petitioner maintains that section 1203.2

16   creates a liberty interest in probation modification. (Id. at 9.)

17   Castaneda claims that the trial court "acted on a whimsical

18   reaction" when it admonished Petitioner and his counsel during

19   sentencing. (Id. at 10.) These admonishments, Castaneda insists,

20   demonstrate that the trial court's decision to revoke probation

21   "falls outside the bounds of reason and constitutes unsound

22   judgment in the context of rehabilitation for substance abusers."

23   (Id. (citation omitted).) Petitioner contends that his probation

24   should not have been revoked because he was sincere in his efforts

25   to seek treatment for his substance abuse issues. (Id. at 11.)

26   Finally, Castaneda argues that the California Court of Appeal

27   "failed to discuss the accuracy of the information the court relied

28

8

on and whether it complied with due process." (<u>Id.</u> (citation omitted).)

### 1.   Alleging a state law claim

Castaneda contends that the trial court abused its discretion under California Penal Code section 1203.2 by revoking his probation. (<u>See</u> Pet. 6, ECF No. 1; Traverse 10-11, ECF No. 13.) Yet, in order to invoke federal habeas corpus jurisdiction, a prisoner must assert that his custody violates federal law.  <u>See</u> 28 U.S.C.A. § 2254(a).  Federal habeas relief is not available for violations of state law.  <u>See Estelle</u>, 502 U.S. at 67-68.

Because Castaneda's claim is based on the misapplication of state law, it is not cognizable on federal habeas review.  <u>See</u> <u>Martin v. Solem</u>, 801 F.2d 324, 331 (8th Cir. 1986) ("[S]tate prisoners' claims of error involving sentencing, parole, probation, and <u>revocation of probation</u> or parole are matters governed by state law that are not cognizable in federal habeas corpus proceedings.") (emphasis added) (citations omitted); <u>Perez v. Ochoa</u>, No. CV 11-1178-ODW (DTB), 2012 WL 3018057, at *7 (C.D. Cal. June 11, 2012) ("[T]o the extent that petitioner is claiming that the sentencing court's revocation of his probation at the summary revocation hearing violated state law, his claim is not cognizable on federal habeas review.") (citations omitted).  For these reasons, Petitioner's state law claim should be **DENIED**.

### 2.   Failing to allege a federal claim

Petitioner did not raise a due process claim in the Petition or in any state court filing. (<u>See generally</u> Pet. 6, ECF No. 1; Lodgment No. 1, Appellant's Opening Brief at 12-15, <u>People v.</u> <u>Castaneda</u>, No. D062947; Lodgment No. 8, Petition for Review at

1   7-11, <u>People v. Castaneda</u>, No. S214550.)   In the Answer, however,
2   Respondent argues that Castaneda's claim lacks merit because "it
3   principally challenges the application of state law by a state
4   court . . . ."   (Answer Attach. #1 Mem. P. & A. 7, ECF No. 9.)
5   Montgomery continues, "In general, a misapplication of a state
6   sentencing law is not a violation of federal due process rights."
7   (<u>Id.</u> at 7-8.)   Following Respondent's lead, in the Traverse,
8   Petitioner argues that his due process rights were violated.
9   (Traverse 9-11, ECF No. 13.)

10      As a preliminary matter, a traverse is not the proper pleading
11   to raise an additional ground for relief.   <u>See</u> <u>Cacoperdo v.</u>
12   <u>Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994) ("In order for the
13   state to be properly advised of additional claims, they should be
14   presented in an amended petition, or . . . in a statement of
15   additional grounds.").   On this basis alone, the Court has the
16   discretion not to consider this claim.   <u>See</u> <u>Williamson v. Virga</u>,
17   No. ED CV 12-1540-BRO (PLA), 2013 U.S. Dist. LEXIS 133034, at *25
18   n. 8 (C.D. Cal. July 16, 2013) (citing <u>Brown v. Roe</u>, 279 F.3d 742,
19   745-46 (9th Cir. 2002)) (deciding not to consider claim raised for
20   the first time in the traverse).

21      Moreover, "[a]n application for a writ of habeas corpus on
22   behalf of a person in custody pursuant to the judgment of a State
23   court shall not be granted unless it appears that the applicant has
24   exhausted the remedies available in the courts of the State."   28
25   U.S.C.A. § 2254(b)(1)(A).   In order "to exhaust a habeas claim, a
26   petitioner must properly raise it on every level of direct review."
27   <u>Casey v. Moore</u>, 386 F.3d 896, 916 (9th Cir. 2004) (citing <u>Ortberg</u>
28   <u>v. Moody</u>, 961 F.2d 135, 137 (9th Cir. 1992)).   The exhaustion

1   requirement is not satisfied simply because the "due process
2   ramifications of an argument might be self evident."  Gatlin v.
3   Madding, 189 F.3d 882, 888 (9th Cir. 1999) (citing Anderson v.
4   Harless, 459 U.S. 4, 7 (1982)) (internal quotation marks omitted).
5   Because Petitioner's due process claim (1) was not raised in the
6   Petition and (2) is unexhausted, this Court should not consider it.
7   See Garcia v. Dexter, No. EDCV 08-00253-JFW (MAN), 2009 WL 178755,
8   at *5, n.6 (C.D. Cal. Jan. 26, 2009) ("Petitioner did not raise
9   these contentions in his Petition, nor did he present them to the
10  state courts.  The Court will not consider claims raised for the
11  first time in a Reply, which are, moreover, unexhausted.") (citing
12  Cacoperdo, 37 F.3d at 507).

13      Castaneda did not exhaust a federal due process claim by
14  presenting it to the California courts.  See Duncan v. Henry, 513
15  U.S. 364, 365-66 (1995).  Accordingly, in the last reasoned state
16  court opinion addressing the claim that the superior court abused
17  its discretion by revoking Castaneda's probation, the California
18  Court of Appeal limited its discussions to the application of state
19  law.  (See People v. Castaneda, No. D062947, slip op. at 4-5.)
20  Nevertheless, in the Answer to the Petition, the Respondent states,
21  "Castaneda has exhausted state remedies for his claims by
22  presenting a petition for review to the California Supreme Court."
23  (Answer 2, ECF No. 9.)

24      In an analogous case, the Respondent "did not seek to dismiss
25  the pending Petition as unexhausted, but instead stated that
26  Petitioner 'appears to have exhausted his state remedies by
27  presenting his claim to the California Supreme Court in a petition
28  for review[,]' and argued the Petition should be denied on the

1   merits."  Holmes v. Frauenheim, Case No. SACV 14-1591 GHK (SS),

2   2015 U.S. Dist. LEXIS 60889, at *8 (C.D. Cal. May 8, 2015).

3   Respondent Montgomery has done the same here.  (See Answer 2, ECF

4   No. 9; id. Attach. #1 Mem. P. & A. Supp. Answer 5-12.)  The court

5   in Holmes concluded that "Respondent expressly waived the

6   exhaustion requirement . . . ."  Holmes, 2015 U.S. Dist. LEXIS

7   60889, at *8; accord Mann v. Ryan, 774 F.3d 1203, 1212 n.2 (9th

8   Cir. 2014) ("[T]he state expressly waived the exhaustion

9   requirement when, in its answer to [the] amended habeas petition,

10  it stated that Mann exhausted [the claim of ineffective assistance

11  of counsel] and it responded at length to Mann's [arguments on the

12  merits].")  Likewise, Montgomery has expressly waived the

13  exhaustion requirement for the claim that Castaneda's due process

14  rights were violated when the state court revoked his probation.

15      The claim Castaneda has alleged in his Petition and argued in

16  his Traverse is that the superior court abused its discretion by

17  revoking Castaneda's probation and sentencing him to his original

18  twelve-year sentence.  (See Pet. 6, ECF No. 1; Traverse 8-11, ECF

19  No. 13.)  This claim is not a federal one.  See Sharper v. Ayers,

20  No. C 07-0351 JSW (PR), 2007 U.S. Dist. LEXIS 56813, at *1 (N.D.

21  Cal. July 27, 2007).  There, probation had been revoked by the

22  state court, and Sharper was sentenced to ten years in custody.  He

23  challenged the "constitutional validity" of his state sentence.

24  Id.  Judge White allowed Sharper to proceed on other claims but

25  held that the "claim that the trial court's decision to revoke

26  probation and sentence Petitioner to ten years in state prison was

27  an abuse of discretion does not present a federal claim."  Id. at

28  *2.  The same rationale applies to Castaneda's claim.

Any attempt to read the alleged abuse of discretion as a claim that Castaneda's due process rights were violated does not succeed. The basis for a procedural due process claim is nonexistent.  The facts contained in the Petition, even if supplemented by those in the Traverse, do not suffice to allege anything more than a claimed abuse of discretion.

Castaneda fails to develop a nexus between his right to due process and the facts of this case.  (See Traverse 9-11, ECF No. 13.)  His conclusory attempt to transform his state-law claim into a federal claim merely by asserting that the state courts violated his Fourteenth Amendment right to due process should be rejected. See Johnson v. Davis, No. CV 14-3056-JVS (MAN), 2014 WL 2586883, at *5 (C.D. Cal. June 9, 2014) ("Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is unavailing."); Bradley v. Warden, No. CV 11-1128-JHN (SP), 2012 WL 1577778, at *3 (C.D. Cal. Feb. 27, 2012), report and recommendation adopted by 2012 WL 1598013 (C.D. Cal. May 3, 2012) ("Petitioner's addition of the phrases 'due process' and 'Fourteenth Amendment' to his state law claims does not transform them into federal ones.") (citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).  For all these reasons, Petitioner's first claim for habeas relief should be **DENIED**.

**B.    Claim Two:  Improper Restitution Fines**

Next, Castaneda claims that the increased restitution fines imposed after his probation was revoked were improper and must be stricken.  (Pet. 7, ECF No. 1.)  Petitioner explains that the court

13

imposed fines of $200 each for restitution and probation revocation
in June of 2011.  (Id.)  After his probation was revoked, the court
increased these fines to $2,400 each.  (Id.)  Castaneda argues that
the new fines were unwarranted "[b]ecause a restitution fine
imposed when probation is granted survives the revocation of
probation."  (Id.)  Thus, the superior court did not have the
authority to impose additional fines after his probation was
revoked.  (Id.)

In the Answer, Respondent alleges that this claim is moot.
(Answer Attach. #1 Mem. P. & A. 12, ECF No. 9.)  Montgomery
maintains that a case or controversy does not exist because the
California Court of Appeal granted Castaneda relief on this claim.
(Id.; see Lodgment No. 6, People v. Castaneda, No. D062947, slip
op. at 5.)  Petitioner does not dispute this in his Traverse.  (See
Traverse 9-11, ECF No. 13.)

Castaneda first raised this claim in the brief he filed with
the California Court of Appeal.  (Lodgment No. 1, Appellant's
Opening Brief at 15-16, People v. Castaneda, No. D062947.)  The
court of appeal agreed that the additional restitution fines
imposed in October of 2012 were improper.  (Lodgment No. 6, People
v. Castaneda, No. D062947, slip op. at 5.)  The appellate court
struck the additional fines.  (Id.)

Under Article III, § 2 of the U.S. Constitution, a claim is
moot when it no longer presents a case or controversy.  See Spencer
v. Kemna, 523 U.S. 1, 7 (1998).  Because the California Court of
Appeal already granted Castaneda relief by striking the additional
fines, this second claim should be **DENIED as moot**.  See Walker v.
Clark, No. CV 08-5587-CJC (JEM), 2010 WL 1643580, at *16 (C.D. Cal.

14

1   Feb. 18, 2010), report and recommendation adopted by 2010 WL

2   1641372 (C.D. Cal. Apr. 20, 2010) ("In the specific context of

3   habeas corpus petitions, the case or controversy requirement

4   mandates a finding of mootness if the petitioner has received the

5   relief requested in the petition or the court is unable to provide

6   the petitioner with the relief sought.") (citation omitted).

7   **C.   Request for an Evidentiary Hearing**

8        Finally, in conclusory fashion in his Traverse, Castaneda

9   requests an evidentiary hearing.   (Traverse 6, ECF No. 13.)

10  Petitioner does not present any facts that would warrant an

11  evidentiary hearing.   See Insyxiengmay v. Morgan, 403 F.3d 657, 670

12  (9th Cir. 2005) (stating that the petitioner must demonstrate he

13  failed to develop the factual basis of his claims in state court

14  and that his request comes within one of two exceptions in §

15  2254(e)(2)(A) and (B)).   If the factual basis for the claim was

16  developed in state court, the federal court considers whether an

17  evidentiary hearing is appropriate or required under Townsend v.

18  Sain, 372 U.S. 293 (1963).   See Baja v. Ducharme, 187 F.3d 1075,

19  1078 (9th Cir. 1999) (citing Cardwell v. Greene, 152 F.3d 331, 337

20  (4th Cir. 1998)).   Castaneda has not carried his burden.   His

21  request for an evidentiary hearing is therefore **DENIED**.

22                        **IV. CONCLUSION**

23       For the reasons state above, Castaneda's Petition [ECF No. 1]

24  should be **DENIED**.   His request for an evidentiary hearing is

25  **DENIED**.   This Report and Recommendation will be submitted to the

26  United States District Judge assigned to this case, pursuant to the

27  provisions of 28 U.S.C. § 636(b)(1).   Any party may file written

28  objections with the Court and serve a copy on all parties on or

1  before September 1, 2015.  The document should be captioned

2  "Objections to Report and Recommendation."  Any Reply to the

3  objections shall be served and filed on or before September 15,

4  2015.  The parties are advised that failure to file objections

5  within the specified time may waive the right to appeal the

6  district court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th

7  Cir. 1991).

8        IT IS SO ORDERED.

9

10  Dated: August 4, 2015

11                                        Ruben B. Brooks
                                          United States Magistrate Judge

12

13  cc:  Judge Curiel
          All Parties of Record

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28