UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MIGUEL C. CASTANEDA,<br><br>           Petitioner,<br><br>vs.<br><br>W.L. MONTGOMERY, Warden, et al.,<br><br>           Respondents. | CASE NO. 14cv1949-GPC(RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
|---|---|

On August 20, 2014, Petitioner Miguel C. Castaneda ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Respondent filed an answer on February 9, 2015. (Dkt. No. 9), and Petitioner filed his traverse on April 6, 2015. (Dkt. No. 13.) On September 16, 2014, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("R&R") that the Court deny the petition and the request for an evidentiary hearing. (Dkt. No. 18.) Petitioner did not file any objections. Based on the reasoning below, the Court ADOPTS the Magistrate Judge's R&R in its entirety, and DENIES the petition for writ of habeas corpus.

**Background**

This Court shall presume the state court's factual findings to be correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1). The California Court of Appeal opinion filed on October 3, 2013 states the following facts:

> In May 2011, Castaneda pleaded guilty to count 1 and admitted the great bodily injury and gang enhancements. . . .
>
> In June 2011, Castaneda was placed on probation on condition he serve 365 days in jail. He also was required to get treatment and therapy as suggested by validated tests, and stop using alcohol and drugs.
>
> In February 2012, Castaneda admitted a probation violation; therefore, his probation was revoked. In March 2012 his probation was reinstated.
>
> In July 2012, Castaneda denied allegations that he violated his probation by committing assault.
>
> At an October 10, 2012 evidentiary hearing, Castaneda's probation officer testified regarding her dealings with Castaneda after his May 14, 2012 release from custody. She reviewed his probation conditions with him. Castaneda underwent a urinalysis, which returned positive results for methamphetamine. The probation officer directed him to enroll into a long-term residential treatment program. He did so for one day then abandoned the program. The probation officer attempted to contact Castaneda by phone and mail to discuss his test results, but received no response. Police informed the probation officer of Castaneda's June 3, 2012 arrest for being under the influence of a controlled substance. (Health and Saf. Code, § 11550.) Castaneda never complied with his probation conditions requiring him to, among other things, inform the probation officer of his arrest and register as a gang member.
>
> Castaneda conceded at the hearing that he had violated his probation, but explained he had experienced a rough time after he had lost his house and his mother died. He stated he had since obtained $50 to pay the intake fee at a residential treatment facility, which he was willing to enter if the court reinstated his probation.

(Dkt. No. 10-8, Lodgment No. 6 at 3-4.) After the hearing, the trial court revoked Petitioner's probation, sentenced him to 12 years in prison and imposed fines of $2,400. (Id. at 1-2.)

## Discussion

### A.   Standard of Review

In reviewing a magistrate judge's report and recommendation, a district court "must make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). However, in the absence of a timely objection, the Court need "only

satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b). When no objections are filed, a district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). No objections have been filed in this case.

**B.     Improper Revocation of Probation**

First, Petitioner alleges that the state trial court abused its discretion when it revoked his probation and sentenced him to prison. Respondent argues that Petitioner is challenging the application of state law which is not available in a federal habeas proceeding.

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Petitioner's claim that the trial court abused its discretion is faulty on numerous grounds. First, the claim is based on state law and does not allege a violation of the "Constitution or laws or treaties of the United States." See id. Therefore, his claim is not cognizable on federal habeas review. See Estelle v. McGuire, 5025 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

Second, while Petitioner raised a constitutional due process allegation in the traverse, the Court has discretion not to consider this claim since new arguments cannot be raised in a traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (traverse is not proper pleading to raise additional grounds for relief but new claims should be presented in an amended petition); Baltiera v. Gipson, 10cv590-LJO-SKO-HC, 2013 WL 264545, at *8 (E.D. Cal. Jan. 23, 2013) (court may decline to

consider new issues or claims in a traverse).

Even if the Court were to consider the due process claim raised in the traverse, Petitioner has failed to properly allege such a violation.[1]  The United States Supreme Court has held that revocation of probation must comport with procedural due process. Gagnon v. Scarpelli, 411 U.S. 778, 782, 786 (1973) (even though probation revocation is not a stage of a criminal prosecution, it results in a loss of liberty).  Due process for purposes of probation revocation includes a preliminary and final revocation hearing, id. at 782; a written notice of the claimed violation of probation; disclosure of the evidence against the probationer; an opportunity to be personally heard and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses, unless the hearing officer shows good cause for not producing the witness; a neutral and detached hearing body; and a written statement by the fact-finders as to the evidence relied on and the reasons for revoking probation.  Id. at 786.

Petitioner alleges that the trial court erred in allowing and relying on the probation officer's hearsay testimony made by a third person that Petitioner had violated his probation by consuming alcohol. (Dkt. No. 13 at 8, 10.) Petitioner alleges a due process violation because the trial court's ruling was of constitutional magnitude involving his liberty interest.

First, the Court notes that Petitioner's alleged due process claim is challenging the trial court's evidentiary ruling on the probation officer's hearsay testimony which is not cognizable on federal habeas review. See Gutierrez v. Griggs, 695 F.2d 1195, (9th Cir. 1983) (challenging the correctness of a state evidentiary ruling does not allege

---

[1] The R&R concluded that while the due process claim is not exhausted, Respondent waived exhaustion by stating that Petitioner had exhausted his claims in its Answer, (Dkt. No. 9 at 2), and addressing the merits of the case. See Mann v. Ryan, 774 F.3d 1203, 1212 (9th Cir. 2014) (". . . the state expressly waived the exhaustion requirement when, in its answer to Mann's amended habeas petition, it stated that Mann exhausted this claim and it responded at length to Mann's arguments that defense counsel was ineffective for making unfulfilled promises to the jury."). However, the Court notes that the due process claim was not raised until the Traverse, so it is not clear whether Respondent waived exhaustion. Nonetheless, the Court need not address exhaustion because the Court may deny claims on the merits even if the Petitioner has failed to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2).

a violation of a federal constitutional right).  Second, according to the transcript of the probation revocation hearing, the probation officer stated that she learned about Petitioner's arrest on June 3, 2012 through the Sheriff's inmate email that Petitioner had been arrested for being under the influence.  (Dkt. No. 10-4, Lodgment 4 at 4:23-5:4.)  Contrary to Petitioner's allegation, the trial court did not rely on hearsay testimony made by a third person.  Moreover, Petitioner admitted that he violated his probation.  (Id. at 8:2-4.)  Accordingly, the Court concludes that Petitioner's due process allegation fails.  The Court ADOPTS the R&R and DENIES this claim.

### C.     Improper Restitution Fine

Second, Petitioner alleges that the increased restitution fines imposed after his probation was revoked were improper and should be stricken.  (Dkt. No. 1, Pet. at 7.)  Respondent asserts that the issue is moot because the Court of Appeals struck the additional fines of $2,400 on appeal after Petitioner's probation was revoked.

The R&R recommended denial of this claim.  The R&R correctly concludes that the issue is moot because Petitioner raised this claim on his direct appeal and the court of appeals struck the additional fines.  (Dkt No. 10-8, Lodgment No. 6 at 5.)  Accordingly, the Court ADOPTS the R&R of the Magistrate Judge and DENIES Petitioner's claim concerning improper restitution fine as MOOT.

### D.     Request for Evidentiary Hearing

In the Traverse, Petitioner summarily requests an evidentiary hearing without presenting any supporting facts in his Traverse.  (Dkt. No. 13 at 6.)  "In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief."  Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998).  "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record."  Id.; Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994).  Here, the Court can resolve Petitioner's claims based on the state court record.  Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

**E.     Certificate of Appealability**

Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court **DENIES** a certificate of appealability.

## Conclusion

Based on the above, the Court **ADOPTS** the report and recommendation of the Magistrate Judge and **DENIES** the petition for writ of habeas corpus and **DENIES** Petitioner's request for an evidentiary hearing. The Court also **DENIES** a certificate of appealability. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

DATED: January 11, 2016

HON. GONZALO P. CURIEL
United States District Judge